1
2
3
4
5
6
7
8
9
10

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

11  STEPHEN GARCIA,                          )       1:10-cv-00737-JLT HC
                                             )
12              Petitioner,                  )       ORDER DISMISSING PETITION FOR
                                             )       WRIT OF HABEAS CORPUS FOR
13                                           )       LACK OF EXHAUSTION (Doc. 1)
                                             )
14       v.                                  )
                                             )
    STEPHEN KLEPFIELD, JUDGE,                )       ORDER DIRECTING CLERK OF COURT
15                                           )       TO ENTER JUDGMENT AND CLOSE
                Respondent.                  )       THE FILE
16  _____ )
                                                     CERTIFICATE OF APPEALABILITY
17                                                   NOT REQUIRED

18        Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus

19  pursuant to 28 U.S.C. § 2254.  On May 7, 2010, Petitioner filed his written consent to the

20  jurisdiction of the United States Magistrate Judge for all purposes.  (Doc. 3).

21        The instant petition was filed on April 28, 2010.  (Doc. 1).  In his petition, Petitioner alleges

22  that he is presently incarcerated in the Fresno County Jail for a conviction for possession of

23  marijuana in the Fresno County Superior Court.  (Doc. 1, p. 2).  Petitioner's sole ground for relief is

24  as follows: "The Court sentenced me to 4 yrs. probation for missing the court date and I didn't even

25  have any charges.  I was incarcerated on the day I was supposed to be in Court."  (Id., p. 3).  Under

26  his "supporting facts," Petitioner explains that he had been sentenced to five one-hour classes in a

27  drug diversion program, that he wanted to attend an inpatient program, that he obtained permission

28  to do so, and that he brought proof of completion of the program to court.  (Id.).  Then, on January

1    11, 2009, while Petitioner was in jail in Fresno, the trial judge "got mad" and sentenced Petitioner to

2    four years' felony probation for missing a court date.  (Id.).

3                                          **DISCUSSION**

4         Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review

5    of each petition for writ of habeas corpus.  The Court must dismiss a petition "[i]f it plainly appears

6    from the face of the petition . . . that the petitioner is not entitled to relief."  Rule 4 of the Rules

7    Governing § 2254 Cases; Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990).  Otherwise, the Court

8    will order Respondent to respond to the petition.  Rule 5 of the Rules Governing § 2254 Cases.  A

9    preliminary review of the Petition reveals that Petitioner may not have exhausted his state court

10   remedies.

11        A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

12   petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1).  The

13   exhaustion doctrine is based on comity to the state court and gives the state court the initial

14   opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501

15   U.S. 722, 731 (1991);  Rose v. Lundy, 455 U.S. 509, 518 (1982); Buffalo v. Sunn, 854 F.2d 1158,

16   1163 (9th Cir. 1988).

17        A petitioner can satisfy the exhaustion requirement by providing the highest state court with a

18   full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v.

19   Henry, 513 U.S. 364, 365 (1995); Picard v. Connor, 404 U.S. 270, 276 (1971); Johnson v. Zenon, 88

20   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given a full

21   and fair opportunity to hear a claim if the petitioner has presented the highest state court with the

22   claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504

23   U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

24        Additionally, the petitioner must have specifically told the state court that he was raising a

25   federal constitutional claim.  Duncan, 513 U.S. at 365-66; Lyons v. Crawford, 232 F.3d 666, 669

26   (9th Cir. 2000), *amended*, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.

27   1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998).  In Duncan, the United States

28   Supreme Court reiterated the rule as follows:

                                          2

1

2

3

4

5

   In <u>Picard v. Connor</u>, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted).  If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

6

<u>Duncan</u>, 513 U.S. at 365-366.  Recently, the Ninth Circuit examined the rule further, stating:

7

8

9

10

11

12

   Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* <u>See</u> <u>Shumway v. Payne</u>, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in <u>Duncan</u>, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* <u>Gatlin v. Madding</u>, 189 F.3d 882, 889 (9th Cir. 1999) (<u>citing</u> <u>Anderson v. Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999); <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .

13

14

   In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

15

<u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

16

   Here, as discussed, Petitioner is challenging events that apparently occurred in the Fresno

17

County Superior Court on January 11, 2009.  Nowhere in the petition does Petitioner allege that he

18

has exhausted this claim in state court by presenting it to the California Supreme Court.  Indeed,

19

Petitioner candidly acknowledges that he did not seek review in the California Supreme Court for

20

this claim.  (Doc. 1, p. 5).

21

   From the foregoing, the Court concludes that Petitioner has not presented his claim to the

22

California Supreme Court as required by the exhaustion doctrine.  Because Petitioner has not

23

presented his claim for federal relief to the California Supreme Court, the Court must dismiss the

24

petition.  <u>See</u> <u>Calderon v. United States Dist. Court</u>, 107 F.3d 756, 760 (9th Cir. 1997) (en banc);

25

<u>Greenawalt v. Stewart</u>, 105 F.3d 1268, 1273 (9th Cir. 1997).  The Court cannot consider a petition

26

that is entirely unexhausted.  <u>Rose v. Lundy</u>, 455 U.S. 509, 521-22 (1982); <u>Calderon</u>, 107 F.3d at

27

28

1 | 760. [1]

2 | **<u>ORDER</u>**

3 |      Accordingly, the Court HEREBY ORDERS as follows:

4 |     1.    The petition for writ of habeas corpus (Doc. 1), is DISMISSED for lack of

5 |            exhaustion; and,

6 |     2.    The Clerk of the Court is DIRECTED to enter judgment and close the file.

7 |     3.    No certificate of appealability is required.

8 |

9 | IT IS SO ORDERED.

10 | Dated:  **May 12, 2010**                      **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE

---

[1]The Court notes that this is the **<u>fourth</u>** federal petition filed in this Court by Petitioner within the last month. Petitioner also filed case no. 1:10-cv-00675-JLT on April 16, 2010, case no. 1:10-cv-00625-JLT on April 9, 2010, and case no. 1:10-cv-00736-JLT, filed on April 28, 2010.  All three cases have been dismissed because Petitioner was complaining about conditions of confinement rather than the fact or duration of that confinement or, in the latter case, because Petitioner had failed to exhaust his claim in state court.  In each of the orders dismissing these three cases, the Court attempted to explain to Petitioner the relatively narrow limits of federal habeas jurisdiction by which this Court is bound.  The Petitioner is advised that his many complaints about his treatment by the Fresno County Jail and the Fresno County Superior Court *do not automatically* translate into viable federal habeas claims.  Petitioner is advised that he must refrain from filing essentially frivolous federal habeas petitions, which divert considerable judicial resources from the many other legitimate habeas cases now pending in this Court, until such time as he has a cognizable, and fully exhausted, habeas claim to pursue.